**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KIMBERLY BLOCK** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-01784** |
| | : | |
| **PENNY WEINER** | : | |

# MEMORANDUM

**KEARNEY, J.** **August 11, 2026**

A daughter pursuing her perceived beneficiary rights under her father's estate over the last fourteen years in state orphans court now brings her concerns over the administration of her father's estate to us. The daughter alleges her mother is harming the value of her father's irrevocable trust also being disputed in state orphans court. She also asks us to declare her rights to assets in her mother's eventual estate based on an alleged 2012 oral contract to alter her mother's estate plan even though her mother is alive.

We dismiss the daughter's claims seeking damages allegedly suffered by her father's irrevocable trust with prejudice precluding her from pursuing these claims for alleged losses to the irrevocable trust. We dismiss her claims for declaratory relief to secure assets under an undefined marital trust and rights against her mother's eventual estate with prejudice. We dismiss without prejudice her claims alleging her mother tortiously interfered with her father's testamentary intent sometime before his 2012 passing and aided and abetted a trustee's decision not to make mandatory income distributions to her from the father's irrevocable trust on unknown dates.

## I. Facts pleaded and drawn from public records.[1]

Warren Weiner married Penny Weiner sometime before 1986. Their adult daughters Robyn Carp and Kimberly Block are beneficiaries of an anticipated multi-million-dollar inheritance.

***Warren Weiner creates an Irrevocable Trust forty years ago funded by a life insurance policy on the "second-to-die" between himself and his wife.***

Warren Weiner created the Weiner Family Irrevocable Trust in 1986.[2] He named his two daughters, Robyn Carp and Kimberly Block, as co-beneficiaries of the Irrevocable Trust.[3] He appointed Barry H. Frank and Robert Shein as Trustees.[4] Mr. Shein became the sole trustee of the Irrevocable Trust in 2009 after Mr. Frank resigned as Trustee.[5] The main asset of the Irrevocable Trust is a $44.5 million second-to-die life insurance policy on Warren Weiner and his wife, Penny Weiner.[6] The life insurer requires the Irrevocable Trust pay annual premiums of $52,000 until the latter of Father Weiner reaching age 100 or Mother Weiner reaching age 95 to avoid a lapse in coverage.[7]

***The family addresses tax liability leading to litigation after Father Weiner's 2012 death.***

Father Weiner died in February 2012.[8] Mother Weiner and her professional advisors determined Father Weiner's estate owed substantial gift tax liability.[9] Mother Weiner and her agents formulated a plan to reduce the tax liability.[10]

Mother Weiner convened a family meeting with her daughters, Ms. Block and Ms. Carp, an attorney, and an accountant in December 2012 to discuss reducing Father Weiner's estate's tax burden.[11] Daughter Block and Ms. Carp co-signed promissory notes and authorized a transfer of money after Mother Weiner assured them they would each receive the notes upon her death.[12] Mother Weiner also told her daughters they would share equally in assets from an unpleaded Marital Trust.[13]

Daughter Block has vigorously challenged the administration of Father Weiner's estate, the Irrevocable Trust, and another undefined trust in three separate actions before Judge Murphy in the Montgomery County Court of Common Pleas, Orphans' Court Division over the last fourteen years.[14] Father Weiner's estate administrative matter has 265 docket entries.[15]

Daughter Block became estranged from her mother in 2020.[16] Daughter Block filed two separate actions in August 2021 regarding the Irrevocable Trust and another undefined trust before Judge Murphy.[17] The Irrevocable Trust matter has 259 docket entries.[18] Daughter Block sought attorney's fees and opposed a case management and scheduling order as recently as May 5 and June 18, 2026.[19] The undefined trust matter has 255 docket entries.[20] Daughter Block, for example, moved for reconsideration of Judge Murphy's order denying her motion for sanctions, responded to an amended petition for accounting, and opposed a consolidation motion since June 2026.[21] Daughter Block deposed Trustee Shein in July 2024.[22] Daughter Block deposed Mother Weiner in November 2024.[23] Daughter Block issued third-party document subpoenas to several companies.[24] Daughter Block claims, based on her discovery in state court, Mother Weiner interfered with Trustee Shein's administration of the Irrevocable Trust through the Montgomery County proceedings.[25] Daughter Block learned in 2022 of Mother Weiner's decision to remove her as a beneficiary of the undefined Marital Trust.[26]

Trustee Shein agreed to resign as Trustee of the Irrevocable Trust on February 27, 2026.[27]

***Daughter Block sues here.***

Daughter Block then came here in March 2026 invoking our limited federal court jurisdiction to sue Mother Warren notwithstanding her vigorous litigation efforts before Judge Murphy in Montgomery County. She seeks remedies for her rights and for harm to the Irrevocable Trust. She first seeks declaratory relief asking us to enforce Mother Warren's 2012 oral contract

to guarantee her share in an undefined Marital Trust.[28] Daughter Block also seeks two types of remedies for personal harm: as to assets in an undefined Marital Trust when Mother Weiner passes away; and, damages caused by aiding and abetting the Trustee of the Irrevocable Trust in not making a mandatory income distribution to her.[29] She also alleges Mother Weiner caused harm to the Irrevocable Trust by: fabricating loans, selling shares of stock, settling a claim for a "fraction of the actual damages," transferring accounts at an investment bank, and instructing the Trustee to stop paying premiums on the "second-to-die" life insurance policy and to withhold mandatory income distributions from the Trust.[30]

Judge Murphy issued an Order on June 25, 2026 appointing a Successor Trustee for the Irrevocable Trust and holding the Successor Trustee need not pay the insurance premiums on behalf of the Irrevocable Trust.[31]

## II. Analysis

Mother Weiner moves to dismiss for lack of subject matter jurisdiction and failure to state a claim.[32] She argues the declaratory judgment claim fails because Daughter Block is seeking to enforce an oral contract contrary to Pennsylvania Law, she is alive, and the probate exception bars our exercise of subject matter jurisdiction.[33] She also argues the declaratory judgment and tortious interference with her father's testamentary expectancy claims fail because Daughter Block fails to plead the required elements.[34] Mother Weiner argues Daughter Block lacks standing to assert her claims for aiding and abetting breach of fiduciary duty, fraud, unjust enrichment, and constructive trust.[35]

Daughter Block opposes.[36] She argues Mother Weiner's 2012 oral contract to make a testamentary disposition is enforceable through declaratory relief in Pennsylvania even if Mother Weiner is alive and the probate exception does not apply.[37] She also argues the declaratory

judgment and tortious interference with testamentary inheritance claims are not defeated by Mother Weiner's power of appointment argument.[38] Daughter Block argues she has standing to bring her remaining claims for aiding and abetting breach of fiduciary duty, fraud, unjust enrichment, and constructive trust.[39]

We dismiss Daughter Block's claims for declaratory judgment, damages under an aiding and abetting theory (other than for the aiding and abetting non-payment of income distributions), fraud, unjust enrichment, and constructive trust with prejudice. We dismiss Daughter Block's claims for tortious interference with Father Weiner's testamentary intent (sometime before his February 2012 passing) and aiding and abetting relative to the Trustee deciding to not pay distributions without prejudice. Daughter Block may timely amend to plead facts allowing us to infer a plausible basis for these two claims involving arguably individual harms.

**A. We dismiss Daughter Block's claim for declaratory judgment asking us to define rights based on an oral contract relating to Mother Weiner's estate.**

Daughter Block pleads she is entitled to a declaratory judgment recognizing her right to one-half of the assets in the Marital Trust based on an alleged 2012 oral contract as to how Mother Weiner's estate can distribute assets.[40] She argues Mother Weiner's 2012 representations at the family meeting created an enforceable oral contract to make a testamentary disposition under Pennsylvania law.[41] Daughter Block also argues the probate exception does not apply because she does not ask us to administer Mother Weiner's estate or resolve a future inheritance dispute.[42]

Mother Weiner argues we cannot grant declaratory relief based on an oral contract to alter the nature of Mother Weiner's estate while she is alive.[43] She also argues the probate exception applies because federal jurisdiction does not extend to certain probate matters.[44] We agree with Mother Weiner and dismiss Daughter Block's claim for declaratory judgment.

Congress authorizes us to declare the rights and legal relations of interested parties in a case of actual controversy otherwise within our jurisdiction under the Declaratory Judgment Act.[45] A declaratory judgment action provides a procedural remedy and does not create substantive rights.[46]

**1. Daughter Block cannot obtain declaratory relief to enforce an oral contract to modify Mother Weiner's estate distribution.**

Daughter Block asks us to declare: (1) Mother Weiner is legally and equitably bound by an alleged 2012 oral contract (after Father Weiner passed) promising Daughter Block one-half of the undefined Marital Trust assets upon Mother Weiner's death in exchange for Daughter Block co-signing promissory notes; and, (2) Mother Weiner's subsequent efforts to disinherit Daughter Block violated this oral contract.[47] Daughter Block argues Mother Weiner's representations at the 2012 family meeting about assets in this undefined Marital Trust created an oral contract to make a legally binding declaration of Mother Weiner's last will enforceable upon proof by clear and convincing evidence.[48] We disagree.

Daughter Block cannot enforce an oral contract to modify a will under Pennsylvania Law. The Pennsylvania General Assembly provides a contract to make a will or testamentary provision may be established in support of a claim against a decedent's estate only by (1) provisions of the decedent's will stating the material terms of the contract, (2) an express reference in the decedent's will to the contract and extrinsic evidence proving its terms, or (3) a writing signed by the decedent evidencing the contract.[49] Daughter Block's claim for declaratory relief fails for two reasons.

First, this action arises from Daughter Block's asserted legal and equitable rights to enforce an alleged oral agreement to make a testamentary provision for the undefined Marital Trust upon Mother Weiner's death.[50] Pennsylvania recognizes a decedent's estate does not exist until the

individual's death.[51] Mother Weiner remains alive so her estate does not presently exist. Daughter Block cannot assert a claim against Mother Weiner's estate because no estate presently exists.

Second, Daughter Block does not allege the material terms of the alleged agreement appear in Mother Weiner's Will, Mother Weiner's Will expressly refers to the alleged agreement, or Mother Weiner signed a writing evidencing the agreement. Daughter Block alleges only an oral agreement arising from representations made at the 2012 family meeting. We cannot expand the mandate of a writing confirming a change to a will set by the Pennsylvania General Assembly and cannot recognize the requested declaratory relief because Daughter Block does not allege facts allowing us to infer a plausible claim under a written contract to make a testamentary provision.[52]

**2. The probate exception bars Daughter Block's declaratory judgment claim.**

Daughter Block argues we enjoy diversity jurisdiction over her declaratory judgment claim because Daughter Block alleges she and Mother Weiner are citizens of different states and the amount in controversy exceeds $75,000.[53] The probate exception is a judicially recognized limitation on federal jurisdiction arising from the understanding the Judiciary Act of 1789 did not confer jurisdiction over probate matters.[54] The probate exception establishes a federal court may not (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume in rem jurisdiction over property in the custody of the probate court.[55]

Daughter Block asks us to declare an alleged 2012 oral contract governing the disposition of property upon Mother Weiner's death enforceable and to declare her entitlement to the Marital Trust assets.[56] She asks us today to determine her rights to property distributable upon Mother Weiner's death and adjudicate issues traditionally reserved to probate proceedings. We lack jurisdiction to probate a will or administer a decedent's estate. The probate exception therefore

bars us from exercising subject matter jurisdiction over Daughter Block's declaratory judgment claim.[57]

### B. Daughter Block does not plead facts allowing us to infer a plausible claim Mother Weiner tortiously interfered with Father Weiner's testamentary intent.

Mother Weiner moves to dismiss her daughter's tortious interference with Father Weiner's testamentary intent claim. Mother Weiner argues her daughter has not alleged Mother Weiner thwarted Father Weiner's intent to make or change a will.[58] Daughter Block argues she pleads Mother Weiner interfered with Father Weiner's "settled dispositive scheme."[59] We agree with Mother Weiner and dismiss this claim without prejudice.

Pennsylvania law recognizes a claim for tortious interference with testamentary expectancy or inheritance.[60] Daughter Block must plead (1) Father Weiner intended to change his Will to provide Daughter Block a specific benefit; (2) Mother Weiner used fraud, misrepresentation, undue influence, or other tortious conduct to prevent execution of Father Weiner's intended Will; (3) Mother Weiner successfully prevented Father Weiner from signing the new Will; and (4) Father Weiner would have changed his Will but for Mother Weiner's conduct.[61] Pennsylvania law recognizes this claim only in an after-death transfer and not a during-the-life transfer.[62] Daughter Block must plead facts allowing us to infer Father Weiner: (1) sought to make changes in his Will for her benefit and (2) Mother Weiner thwarted Father Weiner's intent through fraud, misrepresentation, or undue influence.[63]

Daughter Block does not allege facts allowing us to plausibly infer Father Weiner intended to sign a new Will or amend his existing Will to provide her with a specific benefit. She also does not plead facts allowing us to plausibly infer Mother Weiner prevented Father Weiner from signing or amending his will through fraud, misrepresentation, undue influence, or other tortious conduct.

Daughter Block instead alleges Mother Weiner tortiously interfered with her future inheritance by dissipating assets and exercising unauthorized control over the Irrevocable Trust after Father Weiner's death.[64] These post-death allegations are plainly immaterial. Daughter Block must plead facts relating to Father Weiner's testamentary intent.

We dismiss Daughter Block's tortious interference claim without prejudice.

### C. Daughter Block lacks standing to recover for alleged harm to the Irrevocable Trust.

Mother Weiner moves to dismiss Daughter Block's claims for aiding and abetting breach of fiduciary duty, fraud, unjust enrichment, and constructive trust for lack of standing because Daughter Block seeks to recover for alleged injuries to the Irrevocable Trust.[65] Mother Weiner argues the Trustee is the only party with standing to seek damages for alleged injuries to the Irrevocable Trust.[66] Daughter Block counters she has an equitable interest in the Irrevocable Trust and can seek equitable relief to protect the Irrevocable Trust as a beneficiary.[67] Daughter Block further argues no Trustee existed for the Irrevocable Trust at the time she sued Mother Weiner, so she has standing to sue.[68]

Daughter Block and Mother Weiner provided us with supplemental briefing regarding the impact of Judge Murphy's June 25, 2026 Order appointing a Successor Trustee for the Irrevocable Trust and holding the Successor Trustee need not pay insurance premiums.[69]

**1. Daughter Block lacks standing to recover for alleged injuries to the Irrevocable Trust.**

Daughter Block seeks to recover for injuries sustained to the Irrevocable Trust as a beneficiary.[70] Mother Weiner argues Daughter Block as a beneficiary cannot bring claims for injuries to the Irrevocable Trust.[71] We agree with Mother Weiner.

A claim alleging injuries to a trust must be brought by the trustee.[72] The trustee is the proper party to bring an action against a third party like Mother Weiner who allegedly commits a tort against the trust.[73] A beneficiary may pursue equitable claims against a third party only if "the trustee improperly refuses or neglects to bring an action, or if the trustee cannot be subjected to the jurisdiction of the court, or if there is a vacancy in the office of trustee."[74]

Daughter Block pleads in detail the injuries allegedly sustained to the Irrevocable Trust.[75] Daughter Block pleads the stock Mother Weiner sold "would have produced over $3 Million in dividends and appreciation" had Mother Weiner not sold.[76] Daughter Block asserts the Irrevocable Trust suffered damages when Mother Weiner authorized a $75,000 settlement of a $518,000 dispute.[77] She alleges the Irrevocable Trust "suffered present economic damages totaling at least $8,173,591" due to the Trustee's failure to pay life insurance premiums.[78] But Daughter Block confuses injury to the Irrevocable Trust with injury to her. Daughter Block alleges the Irrevocable Trust, not Daughter Block, sustained these injuries.[79] Daughter Block's fraud, unjust enrichment, and constructive trust claims allege harm to the Trust, not to her. Daughter Block as a beneficiary is not the proper party to bring claims alleging injury to the Irrevocable Trust. The Trustee is the proper party.

No Trustee for the Irrevocable Trust existed at the time Daughter Block sued Mother Weiner because Mr. Shein agreed to resign as Trustee in February 2026.[80] Daughter Block argues she had standing to sue Mother Weiner as a beneficiary because no Trustee existed.[81] But Judge

Murphy's June 2026 Order appointing a Successor Trustee removes Daughter Block's standing to bring a claim against Mother Weiner. Daughter Block did not plead facts allowing us to plausibly infer the Successor Trustee improperly refused or neglected to bring the action or is not subject to our jurisdiction. Daughter Block does not have standing to sue for injuries allegedly sustained to the Irrevocable Trust because she is a beneficiary and the proper party to bring these claims is the Trustee.[82]

**2. Daughter Block does not state a claim for Mother Weiner aiding and abetting the Trustee's breach of fiduciary duty by giving the Trustee "instructions" as to mandatory income distributions.**

Daughter Block seeks to recover from Mother Weiner for an alleged injury to her when the Trustee took instructions from Mother Weiner to stop making mandatory income distributions to her.[83] Mother Weiner argues Daughter Block lacks standing.[84] We find Daughter Block enjoys standing on this limited claim but fails to plead facts allowing us to plausibly infer a claim Mother Weiner aided and abetted the Trustee's breach of fiduciary duty by not paying a mandatory distribution at an unpleaded time.

The Supreme Court repeatedly instructs a plaintiff must have suffered an "injury in fact" to have standing to bring a claim.[85] To suffer an "injury in fact" a plaintiff must suffer a (1) concrete, (2) particularized, and (3) actual or imminent injury.[86] Daughter Block must plead facts allowing us to infer a plausible basis for each of these three elements.[87]

The only alleged injury to Daughter Block is the nonpayment of mandatory income distributions to her by the Trustee.[88] Daughter Block alleges Mother Weiner instructed the Trustee not to make mandatory income distributions to her.[89] This is a concrete, particularized, and actual injury to Daughter Block. Daughter Block enjoys standing to bring her claim alleging Mother

Weiner aided and abetted the Trustee's breach of fiduciary duty by not paying mandatory income distributions.

So we next turn to whether Daughter Block pleads facts allowing us to plausibly infer a claim for aiding and abetting the Trustee's breach of fiduciary duty by "taking instructions from [Mother Weiner] to stop making mandatory income distributions to [Daughter Block]."[90] Daughter Block must allege "(1) a breach of a fiduciary duty owed to another; (2) knowledge of the breach by the aider and abettor; and (3) substantial assistance or encouragement by the aider and abettor in effecting that breach" to state a claim for aiding and abetting breach of fiduciary duty.[91]

Daughter Block's one sentence alleging "[u]pon information and belief, [Mother Weiner] instructed the Trustee to not make the mandatory income distributions to [Daughter Block]" is not sufficient to allow us to infer a plausible claim for aiding and abetting the Trustee's breach of fiduciary duty. Daughter Block does not plead facts allowing us to infer Mother Weiner substantially assisted or encouraged the Trustee's alleged decision at an unpleaded time. Assuming the truth of her allegations, Mother Weiner instructed the Trustee not to issue a distribution. We have no facts to plausibly infer why the Trustee would be compelled to follow this direction and allegedly ignore his fiduciary duty. We grant Mother Weiner's motion to dismiss with leave to amend as to Daughter Block's aiding and abetting claim based on the Trustee's alleged decision to not pay income distributions to Daughter Block. Daughter Block must allege facts allowing us to plausibly infer Mother Weiner somehow aided and abetted the Trustee's decision. We cannot plausibly infer how a direction to a Trustee would aid and abet absent some form of coercion or control. But Daughter Block offers no facts today to allow us to plausibly infer this type of control.

## III. Conclusion

We grant Mother Weiner's motion to dismiss. We dismiss with prejudice Daughter Block's declaratory judgment and aiding and abetting breach of fiduciary duty as to harms incurred by the Irrevocable Trust, fraud, unjust enrichment, and constructive trust. We dismiss without prejudice Daughter Block's presently inadequately pleaded claims for tortious interference with Father Weiner's testamentary capacity/inheritance before February 2012 and her aiding and abetting a Trustee's alleged breach of fiduciary duty related to the Trustee's alleged decision to not pay mandatory income distributions to Daughter Block at an unpleaded time.

---

[1] We may properly consider the state court docket and previous public filings in evaluating Mother Weiner's motion to dismiss Daughter Block's claims. *In re Congoleum Corp.*, 426 F.3d 675, 679 (3d Cir. 2005) ("We take judicial notice of the state court proceedings insofar as they are relevant.").

[2] ECF 6 ¶ 25.

[3] *Id.*

[4] *Id.* ¶ 26.

[5] *Id.* ¶ 27.

[6] *Id.* ¶ 28.

[7] *Id.* ¶ 56.

[8] *Id.* ¶¶ 15–16.

[9] *Id.* ¶ 15.

[10] *Id.* ¶ 16.

[11] *Id.* ¶¶ 2, 17.

[12] *Id.* ¶¶ 2, 20, 21.

[13] *Id.* Daughter Block repeatedly refers to a "Marital Trust." *See generally id.* But she does not allege the timing, creation, or details about this marital trust. And then she asks us to declare rights under it based on an 2012 oral contract with Mother Weiner. We cannot enforce the oral contract and otherwise do not know the terms of the oft-referenced "Marital Trust".

---

[14] *See Estate of Warren Weiner, Deceased*, Montgomery Cnty. O.C. No. 2012-X0789 (Feb. 29, 2012); *In Re: Weiner Family Irrevocable Insurance Trust*, Montgomery Cnty. O.C. No. 2021-X3366 (Aug. 2, 2021); *In Re: Trust Under Deed of Warren Weiner and Penny Weiner*, Montgomery Cnty. O.C. No 2021-X3406 (Aug. 5, 2021).

[15] *Estate of Warren Weiner, Deceased*, Montgomery Cnty. O.C. No. 2012-X0789 (Feb. 29, 2012) (last visited August 11, 2026).

[16] ECF 6 ¶ 22.

[17] *In Re: Weiner Family Irrevocable Insurance Trust*, Montgomery Cnty. O.C. No. 2021-X3366 (Aug. 2, 2021); *In Re: Trust Under Deed of Warren Weiner and Penny Weiner*, Montgomery Cnty. O.C. No 2021-X3406 (Aug. 5, 2021) (last visited August 11, 2026).

[18] *In Re: Weiner Family Irrevocable Insurance Trust*, Montgomery Cnty. O.C. No. 2021-X3366 (Aug. 2, 2021) (last visited August 11, 2026).

[19] *Id.* at Suffixes 110.1.5, 111.2.

[20] *In Re: Trust Under Deed of Warren Weiner and Penny Weiner*, Montgomery Cnty. O.C. No 2021-X3406 (Aug. 5, 2021) (last visited August 10, 2026).

[21] *Id.* at Suffixes 76.4.1, 93.1, 91.2.

[22] ECF 6 ¶¶ 71, 85.

[23] *Id.* ¶ 86.

[24] *Id.* ¶ 87.

[25] *Id.* ¶¶ 31, 33–62, 66–87.

[26] *Id.* ¶ 23.

[27] ECF 6-21.

[28] *Id.*

[29] ECF 6 ¶¶ 64, 110(f).

[30] Daughter Block brings six claims: (1) declaratory judgment as to her individual rights in the Marital Trust when Mother Weiner passes away; (2) tortious interference with Father Warren's testamentary capacity and her inheritance; (3) aiding and abetting the Trustee's breach of fiduciary duty to the Irrevocable Trust; (4) fraud as to the Irrevocable Trust; (5) unjust enrichment as to the Irrevocable Trust; and (6) a "constructive trust" over funds unjustly enriching Mother Weiner. *Id.* ¶¶ 33, 41–42, 44–46, 51–53, 57, 59–65, 75–77, 89, 127-128.

[31] ECF 17.

---

[32] ECF 14 at 2.

A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of a complaint under the plausibility pleading standard. *Zanetich v. Wal-Mart Stores East, Inc.*, 123 F.4th 128, 138 (3d Cir. 2024). A plaintiff must include "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Huertas v. Bayer US LLC*, 120 F.4th 1169, 1174 (3d Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kalu v. Spaulding*, 113 F.4th 311, 325 (3d Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678). "'Plausibly' does not mean 'probably,' but 'it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280, 291 (2025) (quoting *Iqbal*, 556 U.S. at 678). A pleading offering "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "tak[e] note of the elements a plaintiff must plead to state a claim"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted).

[33] ECF 14 at 8, 10.

[34] *Id.* at 12.

[35] *Id.* at 14–15.

[36] ECF 15 at 1.

[37] *Id.* at 5, 8.

[38] *Id.* at 9.

[39] *Id.* at 11.

[40] ECF 6 ¶ 99(d).

[41] ECF 15 at 5.

[42] *Id.* at 8.

[43] ECF 14 at 8.

[44] *Id.* at 11.

[45] 28 U.S.C. § 2201(a).

[46] *Id.*

[47] ECF 6 ¶¶ 90–99.

[48] ECF 15 at 5.

[49] 20 Pa. Cons. Stat. § 2701.

[50] ECF 6 ¶¶ 97, 99.

[51] *Guardo v. Buzzuro*, No. 1905, 2018 WL 3133679 (Pa. Super. Ct. June 27, 2018).

[52] Daughter Block relies upon guidance from the Pennsylvania Superior Court in 1990 addressing the burden of proof at trial to enforce an oral contract regarding a will. *See* ECF 15 at 5–8; *Hatbob v. Brown*, 575 A.2d 607 (Pa. Super. Ct. 1990). The Superior Court in *Hatbob* assumed an oral contract to revise a written will could be proven with clear, precise, and indubitable evidence. *Id.* at 212. But the Pennsylvania General Assembly abrogated this concept two years later in section 2701 requiring a writing to change a will. Daughter Block does not address the General Assembly's mandate requiring a writing to alter a will.

[53] ECF 6 ¶¶ 8, 11.

[54] *Three Keys Ltd. v. SR Utility Holding Co.*, 540 F.3d 220, 227 (3d Cir. 2008) (citing *Marshall v. Marshall*, 547 U.S. 293 (2006)).

[55] *Id.*

[56] ECF 6 ¶ 99(a).

[57] Mother Weiner argues Daughter Block's declaratory judgment claim fails because she seeks relief prohibited by the Pennsylvania General Assembly. ECF 14 at 12. Daughter Block argues her declaratory judgment is not defeated by Mother Weiner's power of appointment under the Marital Trust. ECF 15 at 9. We find no need to examine the power of appointment argument because we dismiss Daughter Block's declaratory judgment claim with prejudice.

[58] ECF 14 at 13–14.

[59] ECF 15 at 9–10.

[60] *McNeil v. Jordan*, 934 A.2d 739, 741 (Pa. Super. Ct. 2007); *Cardenas v. Schober*, 783 A.2d 317, 325 (Pa. Super. Ct. 2001).

[61] *Fiedler v. Spencer*, 231 A.3d 831, 836 (Pa. Super. Ct. 2020) (citing *Cardenas*, 783 A.2d at 326).

[62] *Fiedler*, 231 A.3d at 837.

---

63 *Estate of Hollywood v. First National Bank of Palmerton*, 859 A.2d 472, 478 (Pa. Super. Ct. 2004).

64 ECF 6 ¶¶ 31, 104.

65 ECF 14 at 14–15.

66 *Id.* at 15.

67 ECF 15 at 11–14.

68 *Id.* at 13.

69 ECFs 17, 19, 20.

70 *See generally* ECF 6.

71 ECF 14 at 14–15.

72 *Pennsylvania R.R. Co. v. Duncan*, 5 A. 742, 746 (Pa. 1886).

73 *Id.*; *see also Shrader v. Legg Mason Wood Walker, Inc.*, No. 93-3967, 1993 WL 532911, at *3–4 (E.D. Pa. Dec. 20, 1993).

74 *Id.* at *4.

75 *See, e.g.*, ECF 6 ¶¶ 31, 33–77, 110(a)–(e), (g)–(n), 115, 122–124, 127.

76 *Id.* ¶ 42.

77 *Id.* ¶ 45–47.

78 *Id.* ¶ 62.

79 *Id.*

80 ECF 6-21.

81 ECF 15 at 13.

82 Daughter Block alleges harm to the Irrevocable Trust because of the Trustee's failure to pay life insurance premiums. ECF 6 ¶110(e). This allegation again seeks recovery for the Irrevocable Trust which possibly loses the value of a lapsed insurance policy and may allow the beneficiaries to sue the Trustee for breach of fiduciary duties. *But see* Judge Murphy's June 25, 2026 Order in the Montgomery County Orphans' Court at No. 2021-X3366.

83 ECF 6 ¶110(f).

84 ECF 14 at 14–15.

[85] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

[86] *Spokeo*, 578 U.S. at 339.

[87] *TransUnion*, 594 U.S. at 423; *Spokeo,* 578 U.S. at 338; *see also Wayne Land & Min. Grp., LLC v. Del. River Basin Comm'n*, 959 F.3d 569, 574 (3d Cir. 2020) (quoting *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017)).

[88] ECF 6 ¶¶ 64, 110(f).

[89] *Id.*

[90] *Id.* 108–111.

[91] *Koken v. Steinberg*, 825 A.2d 723, 732 (Pa. Commw. Ct. 2003).