**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KIMBERLY BLOCK** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 26-1784** |
| | : | |
| **PENNY WEINER** | : | |

# ORDER

**AND NOW**, this 11th day of August 2026, upon considering Defendant's Motion to dismiss (ECF 14), Plaintiff's Opposition (ECF 15), Defendant's Reply (ECF 16), Supplemental briefing (ECF 19, 20) under our June 30, 2026 Order (ECF 18) addressing the impact of Judge Murphy's June 25, 2026 Order in the Court of Common Pleas of Montgomery County (No. 2021-X3366) relating to the irrevocable trust now also pleaded before us, and for reasons in today's accompanying Memorandum, it is **ORDERED** Defendant's Motion (ECF 14) is **GRANTED** requiring we:

1. **Dismiss with prejudice** Plaintiff's claims for:

a. declaratory judgment relating to a distribution from Defendant's non-existent estate based on an unenforceable 2012 oral contract;

b. a constructive trust upon funds paid by the pleaded irrevocable trust to Defendant under an unjust enrichment theory;

c. damages requested under an aiding and abetting theory (other than for the non-party Trustee's alleged non-payment of mandatory distributions (ECF 6, ¶110 (f)), fraud, and unjust enrichment;

2. **Dismiss without prejudice** Plaintiff's claims:

a. tortious interference with decedent Walter Weiner's testamentary intent before his February 2012 death;

b. aiding and abetting the unnamed trustee of the irrevocable trust when deciding to not pay mandatory distributions without pleaded details of an alleged direction to the trustee; and,

3. **Grant** Plaintiff leave to plead facts allowing us to infer a plausible cognizable legal basis for her two remaining claims through a second amended Complaint filed no later than **August 25, 2026** or we will direct the Clerk of Court to close this case.

**KEARNEY, J.**